DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR, LLP
*Proposed Counsel for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

36-60 ROUTE 303 ASSOCIATES, LLC,          Chapter 11
                                          Case No. 16-22645 (rdd)
                        Debtor.
----------------------------------------------------------------X

**AFFIDAVIT OF DAWN KIRBY IN SUPPORT OF APPLICATION TO EMPLOY AND RETAIN DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERHEKR, LLP AS ATTORNEYS FOR THE DEBTOR, <u>NUNC PRO TUNC, AS OF THE FILING DATE</u>**

STATE OF NEW YORK          )
                           ) SS.:
COUNTY OF WESTCHESTER      )

DAWN KIRBY, being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice before this Court and a partner of the firm DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP (the "<u>DelBello Firm</u>"), One North Lexington Ave., White Plains, NY 10601.

2. I submit this Affidavit in support of the Debtor's Application of 36-60 Route 303 Associates, LLC ("the <u>Debtor</u>") to Employ and Retain the DelBello Firm as Attorneys for the Debtor in connection with the above-captioned Chapter 11 case on the terms set forth in the accompanying Application.

3. Neither I, nor the DelBello Firm or any attorney at the DelBello Firm has any connection with the Debtor, its creditors, or any other party in interest herein or their respective attorneys except that the DelBello Firm formerly represented the managing member of the

Debtor in his individual chapter 11 case no. 14-22961, which was dismissed and closed on June 30, 3015. Furthermore, neither I nor the DelBello Firm or any attorney at the DelBello Firm is a pre-petition creditor of the Debtor.

4. Based upon all of the foregoing, I respectfully submit that the DelBello Firm does not hold nor represent any interest adverse to the Debtor herein or its estate, in the matters upon which they are to be engaged.

5. The DelBello Firm shall make proper application to the Court for compensation for the services rendered to the Debtor in this proceeding pursuant to § 330 of the Bankruptcy Code and pursuant to the procedures established by the Order pursuant to 11 U.S.C. Sections 105(a) and 331, Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals as may be further entered by this Court.

## Disinterestedness

6. To the best of my knowledge, the DelBello Firm is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code in that its members and associates (a) are not creditors, equity security holders or insiders of the Debtor, (b) are not and were not within two years before the Filing Date a director, officer or employee of the Debtor, (c) do not have an interest materially adverse to the interest of the estate, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

## Disclosure Procedures

7. In preparing this affidavit, I searched the following categories:

    a. Debtor;

      b.      Significant equity holders;

      c.      Current directors and officers;

      d.      Lenders and secured creditors;

      e.      Counterparties to leases;

      f.      Professionals; and

      g.      Unsecured Creditors.

10. The DelBello Firm is not aware of any past or present relationship that would disqualify the DelBello Firm from representing the Debtor.

## Billing Rates

11. The Bankruptcy Practice Group's billing rates are as follows:

Attorneys              $375 to $595
Paraprofessionals    $150.00

12. The DelBello Firm received a third party pre-petition retainer payment from Martin Tenenbaum, the managing member of the Debtor in the amount of $25,000 (inclusive of the chapter 11 filing fee) on account of legal services and expenses in conjunction with the filing of this Chapter 11 case.

13. This retainer shall be applied towards Chapter 11 fees and expenses, and is therefore not to be considered an "evergreen retainer" as such term is more commonly known.

**WHEREFORE**, your Affiant respectfully requests the entry of the pre-fixed order, together with such other and further relief as is proper.

                                                      */s/ Dawn Kirby*
                                                      Dawn Kirby

Sworn to before me this
11th day of May 2016

*/s/ Bryn A. Leonardo*
Notary Public