UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

                                                 Chapter 11

36-60 ROUTE 303 ASSOCIATES LLC,        Case No. 16-_____ (RDD)

                    Debtor.
------------------------------------------------------------X

# ORDER AUTHORIZING AND APPROVING RETENTION OF DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP AS ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC AS OF THE PETITION DATE, MAY 11, 2016

**UPON** the application dated May 11, 2016 (the "Application"), of the above-captioned debtor and debtor-in-possession (the "Debtor"), seeking to retain DelBello Donnellan Weingarten Wise & Wiederkehr, LLP (the "DelBello Firm") as counsel to the Debtor pursuant to § 327(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"); and upon the accompanying Affidavit of Dawn Kirby, Esq.; and the Court having found that the DelBello Firm neither holds nor represents an interest adverse to the Debtor or its estate, is disinterested within the meaning of § 101(14) of the Bankruptcy Code, and that its employment is necessary and would be in the best interest of the estate; and no additional notice being required; it is hereby

      **ORDERED,** that the Application is granted as set forth herein; and it is further

      **ORDERED**, that pursuant to § 327(a) of the Bankruptcy Code, the Debtor is authorized to retain DelBello Donnellan Weingarten Wise & Wiederkehr, LLP as its counsel in this case, *nunc pro tunc* to May 11, 2016; and it is further

**ORDERED**, that the DelBello Firm shall be compensated and reimbursed pursuant to §§ 327, 330 and 331 of the Bankruptcy Code, as the case may be, and the applicable Bankruptcy Rules, Local Rules and fee and expense guidelines and orders of this Court; and it is further

**ORDERED**, that at least 10 days before implementing any increases in the DelBello Firm's rates for professionals in this case, the DelBello Firm shall file a supplemental affidavit with the Court that shall explain the basis for the rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code. All parties in interest, including the U.S. Trustee, retain all rights to object to any rate increase on all grounds, including but not limited to, the reasonableness standard provided for in § 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to § 330 of the Bankruptcy Code; and it is further

**ORDERED**, that the DelBello Firm shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to the DelBello Firm; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the Affidavit of Dawn Kirby, Esq. in support thereof, the terms of this Order shall govern.

Dated: White Plains, New York
      May ___, 2016

                                              _____
                                              HONORABLE ROBERT D. DRAIN
                                              UNITED STATES BANKRUPTCY JUDGE